IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN E. COLEMAN, JR.,
                Plaintiff,
                                    CIVIL ACTION
     vs.                                 No. 05-3376-SAC

JON STUSS, et al.,
                Defendants.


JOHN E. COLEMAN, JR.,
                Plaintiff,
                                    CIVIL ACTION
     vs.                                 No. 05-3381-SAC

JON STUSS, et al.,
                Defendants.


**ORDER**

Before the court are two pro se complaints filed under 42 U.S.C. 1983 by a prisoner confined in the Crawford County Detention Center in Girard, Kansas, seeking damages for the alleged violation of plaintiff's constitutional rights. In both complaints, plaintiff alleges a legal document he submitted to jail staff in September 2005 for handling was opened and returned to plaintiff by another prisoner.

Having reviewed the factually similar allegations in both complaints, the court finds it appropriate to consolidate the two actions. The court further finds a greater showing of plaintiff's exhaustion of administrative remedies is required to avoid dismissal of the consolidated complaint without prejudice under 42 U.S.C. 1997e(a).

The Prison Litigation Reform Act, signed into law on April 26, 1996, amended 42 U.S.C. 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff states he pursued relief through the facility's administrative grievance procedure and through conversations with facility officers.[1] He also states his grievance forms were not answered. These bare statement are insufficient. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome").

Because the language of 42 U.S.C. 1997e(a) expressly requires full exhaustion of administrative remedies prior to a prisoner bringing a suit in the federal courts, the court grants plaintiff the opportunity to demonstrate his compliance with this statutory

---

[1] Plaintiff also submits a "grievance" in the form of an affidavit signed by other prisoners, setting forth the factual basis for plaintiff's allegations.

requirement. The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further notice to plaintiff.

IT IS THEREFORE ORDERED that the two complaints captioned herein are hereby consolidated by the court.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement the consolidated complaint to avoid dismissal of the consolidated action pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED: This 29th day of September 2005 at Topeka, Kansas.

                                       s/ Sam A. Crow
                                       SAM A. CROW
                                       U.S. Senior District Judge