```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

JOHN E. COLEMAN, JR.,
                      Plaintiff,
                                        CIVIL ACTION
     vs.                                  No. 05-3376-SAC

JON STUSS, et al.,
                      Defendants.


JOHN E. COLEMAN, JR.,
                      Plaintiff,
                                        CIVIL ACTION
     vs.                                  No. 05-3381-SAC

JON STUSS, et al.,
                      Defendants.


## ORDER

Plaintiff proceeds pro se on consolidated complaints filed under 42 U.S.C. § 1983 while plaintiff was confined in the Crawford County Detention Center in Girard, Kansas. Having reviewed the sparse financial information provided by county facility, the court grants plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff remains obligated to pay the full $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff seeks damages for the alleged violation of his constitutional rights in the handling of three prisoner affidavits plaintiff submitted to Lt. Stuss for notarization on September 6, 2005. Plaintiff claims Lt. Stuss refused to notarize the

affidavits, and gave this opened legal document to another prisoner to return to plaintiff. The court consolidated these factually similar complaints and directed plaintiff to show cause why the consolidated action should not be dismissed without prejudice, based upon plaintiff's failure to exhaust administrative remedies on his claim of constitutional deprivation.

In response, plaintiff filed supplements to the consolidated complaint, arguing he fully complied with the exhaustion requirements at the county jail. Plaintiff documents jail regulations which allow for a written or verbal response from jail administrators. He also documents an administrative grievance response from the Crawford County Sheriff. The Sheriff cites plaintiff's pending state court action regarding the alleged mishandling of plaintiff's "legal mail," and states jail administration will not discuss this allegation while that state court action is pending.

Plaintiff also filed a motion for a court order which the court liberally construes as plaintiff's acknowledgment that his pending state court action provides an adequate remedy for resolution of the claims asserted in the instant consolidated complaint. *See* Younger v. Harris, 401 U.S. 37 (1971)(stating federalism and comity concerns for abstention when there is an ongoing state action); D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004)(Younger doctrine extends to federal claims for monetary relief when judgment for the plaintiff would have preclusive effect on a pending state-court proceeding).

2

Generally, federal courts applying abstention principles in damages actions are permitted to enter a stay rather than a dismissal. <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 730 (1996).  However, given requirements imposed on the present action by the Prison Litigation Reform Act, the court finds dismissal of this consolidated complaint without prejudice is appropriate under the circumstances.  Plaintiff's prior filing in the state court clearly impacted meaningful administrative review of plaintiff's grievance, as anticipated under 42 U.S.C. § 1997e(a).  Even if the "no response" response provided by jail officials technically satisfies that statutory requirement, this court's preliminary review of the complaint on the merits for any cognizable claim[1] is arguably precluded by comity concerns arising from plaintiff's prior filing of apparently the same claims against the same defendants in a pending state court action.  Notwithstanding this court's obligation to exercise its jurisdiction over plaintiff's federal claims, <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817-18 (1976), a stay of this matter does not appear warranted where plaintiff acknowledges the state court is an

---

[1] <i>See</i> 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is frivolous, malicious or fails to state a claim for relief).  The court notes without deciding that plaintiff's complaint would be subject to being summarily dismissed because plaintiff alleges no actual prejudice to his presentation of a nonfrivolous claim to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).   See also <u>Treff v. Galetka</u>, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

adequate forum for his federal claims, and no service of summons to any defendant has been ordered because this court's screening of the complaint as required by 28 U.S.C. § 1915A is forestalled.[2]

Plaintiff further seeks a court order granting him leave to re-file his complaint in federal court if his state court action is resolved against him.  No leave of the court is required for plaintiff to re-file his complaint in federal court, but any re-filed complaint will be subject to the doctrines of res judicata and collateral estoppel if plaintiff seeks relief from the same parties on claims that were or could have been asserted in his state court action.  Additionally, the screening requirements in 28 U.S.C. § 1915A would apply to any re-filing of the complaint in federal court if plaintiff were a prisoner at the time.  Thus to the extent plaintiff seeks a court order excusing any future re-filing of his complaint from these legal doctrines and statutory screening requirements, such a request is denied.

Also, to the extent plaintiff asks this court to "oversee" his action in Crawford County District Court to ensure compliance with state law and state court rules, the court denies this request. Plaintiff's remedy for any error in his state court proceeding lies in the state appellate courts.  This court's mandamus power does not extend to state court officials.  *See* 28 U.S.C. § 1361(U.S. district

---

[2]*See* 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

4

court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added).  This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(*quoting* Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970)).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with collection of the § 250.00 district court filing fee to proceed as authorized under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the consolidated complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to supplement the complaint (Doc. 7) is granted; that plaintiff's motion for a court order (Doc. 9) is denied, and that plaintiff's motion for appointment of counsel (Doc. 4) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 23rd day of February 2006 at Topeka, Kansas.

 s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge